## ZELMA THRASH v. STATE.

No. A-9258. Jan. 27, 1939.
(86 P. 2d 1012.)

Wise & Ivester, of Sayre, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DAVENPORT, J.  Zelma Thrash, the defendant in the trial court, was by information charged with the possession of certain spirituous liquors, to wit:  24 pints of alcohol; 5 half pints of alcohol; 4 pints of gin, and 24 pints of whisky, with intent to barter, sell, and otherwise furnish to others; was convicted and sentenced to pay a fine of $100, and 30 days in jail.  From said judgment and sentence she appeals.

When the case was called for trial, the defendant filed a motion to suppress the evidence on the ground that it was an unlawful search and seizure; that the affidavit for the search warrant and the search warrant were insufficient.  The complaint for the search warrant and the search warrant have been carefully examined and while we find they are not models, the allegations in the complaint are sufficient to warrant the justice of the peace in issuing the search warrant.  The description of the property in the complaint and search warrant are the same. Although there is some indication in the record the description was not furnished by the party making the affidavit.

In the hearing before the court a very peculiar situation developed.  It seems the officer who made the affidavit for the search warrant and secured the search warrant, went to the different ministers in the town, and friends, and invited them to go down to the house when the search was made, and after the search was made and the whisky found, the ministers, whose names are given in the record, were invited in the defendant's house to see what the officers had found.

It is further disclosed by the record that the constable making the affidavit for the search warrant had been indicted in the federal court, and that the defendant in this case was a witness against him. Whether that fact is the cause of the constable making the affidavit for the search warrant, and going to the defendant's home and searching the same, and calling in the ministers, is not disclosed by the record, but by inference it appears the fact that the defendant was a witness against the officers making the affidavit for the search warrant had something to do with his actions in the case.

The motion to suppress was properly overruled. It is not deemed necessary to set out the complaint for the search warrant, or the search warrant, or the testimony in support of the same. Suffice it to say that the complaint for the search warrant was sufficient to authorize the officer to issue the same, and the court did not err in overruling the motion to suppress.

The record shows the officer searched the defendant's home and found 24 pints of alcohol; 5 half pints of alcohol; 4 pints of gin, and 24 pints of whisky. It is evident from the quantity found in the defendant's possession that she was intending to sell, barter, furnish or give away to others. The defendant did not take the stand and testify.

It is further urged by the defendant that the court committed error in its instructions to the jury. The brief of the defendant has been carefully read and the authorities cited studied, and we find, considered as a whole, the instructions correctly advised the jury as to the law applicable to the facts, and that the court did not err in the instructions complained of.

The defendant was accorded a fair and impartial trial. No errors appear in the record warranting this court in reversing the case. The judgment is affirmed.

DOYLE, P. J., and BAREFOOT, J., concur.